## AMERICAN FIRE & CASUALTY CO. v. GRESHAM (two cases).
### No. 13851.

United States Court of Appeals
Fifth Circuit.

April 4, 1952.

Albin P. Lassiter, Monroe, La., for appellant.

Thos. W. Davenport, Monroe, La., for appellees.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

These two cases involve the same transaction; they were tried together in the court below; and they may be disposed of in one opinion on this appeal. They are actions in tort to recover damages for personal injuries sustained by the plaintiffs in the wreck of an automobile on a country road in Louisiana. William T. Gresham and Mrs. Nancy Eudora Gresham filed separate suits against the appellant as liability insurer of an automobile owned and being driven by Mrs. Ophelia G. Francis at the time of the accident. Jurisdiction is based solely on diversity of citizenship.

At the close of plaintiffs' evidence, defendant moved for a directed verdict; upon denial of the motion, defendant rested its case without offering any evidence other than the policy of insurance that it had issued to Mrs. Ophelia G. Francis. The plaintiffs requested and were granted instructions, to which the defendant took no exception; and the cases were submitted to the jury. Upon return of a verdict for the plaintiffs, defendant filed a motion for judgment notwithstanding the verdict, and an alternative motion for a new trial, both of which were denied, and judgment was entered for the plaintiffs.

William T. Gresham is a brother of Mrs. Francis, and Mrs. Nancy Eudora Gresham is their mother. The Plaintiffs testified that they were passengers in Mrs. Francis' car at the time of the accident; that she was driving on a gravel road, which was wet and muddy from rain; that it was still raining when, upon ascending a long hill, Mrs. Francis increased her speed and, upon reaching the crest of the hill, lost con-

trol of the car in attempting to follow the road in its descending curve to the right; and that the vehicle skidded off the road and was upset. Another witness, who arrived at the scene of the accident shortly after it happened, testified as to the condition of the road, the skid marks of the vehicle; and further stated, on direct and cross-examination without objection from defendant's counsel, that he had asked Mrs. Francis how the accident happened, and that she had answered, "Well, I was driving along, and as I topped the hill I looked at my watch, and as I looked up I was slipping, and I put on my brakes, and I couldn't control it, I turned over."

 The appellant now contends that the Louisiana direct action statute, Acts 541 and 542 of 1950, LSA–R.S. 22:655, 22:983, subd. E, impaired the contract that existed between appellant and Mrs. Francis,[1] the theory of appellant being that it did not have the cooperation of the insured because the statute allowed it to be sued directly; that in a case where the real defendant is not a party to the suit and can suffer no financial loss, and especially in the instant case where the plaintiffs are suing the insurer of their daughter and sister, the insurance company is in legal effect denied the cooperation that it has contracted to receive. Appellant did not assert this contention in the court below, and offered no proof whatever that Mrs. Francis refused to cooperate, or that she was even hesitant to cooperate. Appellant now maintains that the relationship of Mrs. Francis to plaintiffs was in itself proof that it would have been futile to call her as a witness. With absolutely no proof or substantial evidence tending to show that the insured would not cooperate with the insurer, we are of the opinion that appellant is in no position to assert a claim of non-cooperation. Mrs. Francis was present in the court room throughout the trial, but was never called as a witness. There is a complete absence of any evidence in the record tending to show that she would have been a hostile or uncooperative witness.

■ Under the other specifications of error, to wit, that the court below erred in not directing the jury to return a verdict for defendant, and in not setting aside the verdict, appellant contends that the evidence was insufficient to sustain the verdict. We think that there was ample and substantial evidence from which a fair and impartial jury might reasonably infer negligence on the part of Mrs. Francis, and that such negligence was the direct and proximate cause of the injuries; the jury having done so, this court may not substitute its judgment for that of the jury even if we disagree with its findings, which we do not.

Affirmed.

---

1. The insurance contract contains the following clause: "Assistance and Cooperation of the Insured. The insured shall cooperate with the Company, and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."